**Carl L. GOLDEN, Plaintiff,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–2937.**

United States District Court,
W.D. Pennsylvania.

Dec. 12, 1986.

---

Francis E. Corbett, Pittsburgh, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the decision of the Secretary denying plaintiff Social Security Disability benefits. The parties have filed cross motions for summary judgment and there are no disputed issues of material fact.

Plaintiff is a 47 year old male, 5'8" and 175 lbs. He has worked as a welder, coal miner, security guard and window washer. Plaintiff has not worked since September 20, 1984 when he suffered a heart attack while serving in the Army Reserves.

Plaintiff suffers from arteriosclerotic heart disease with angina, and hypertension which is controlled by medication. Plaintiff complains of chest pain and shortness of breath on exertion, and occasionally without exertion. Plaintiff also indicated that he can sit without restriction, he can walk several blocks and he can stand for up to ½ hour before tiring. He can occasionally lift items of 10 to 20 lbs. and drives without difficulty.

Plaintiff relies principally on the report of treating physician, Dr. Setty, who indicates that this patient "is totally disabled from any type of gainful employment." (Trans. at 225). However, Dr. Setty gives no estimation of plaintiff's remaining functional capacity for various activities and does not describe any limitations on activities imposed by plaintiff's condition, other than to say that plaintiff should lead a "sedentary existence." This begs the question because the issue is whether plaintiff is capable of sedentary work activity. It should also be noted that the record does not contain any opinion from plaintiff's other physicians concerning disability from employment.

The most important evidence in this regard is plaintiff's testimony that he can sit without restriction, can walk several blocks, can stand for up to ½ hour, can drive considerable distances and can occasionally lift items of 10–20 lbs. These functional capacities substantiate the ALJ's conclusion that plaintiff can perform sedentary work.

Plaintiff's description of his physical capacities also accounts for his complaints of pain. Plaintiff's angina is generally exertional in nature and is not experienced in the activities described above. Occasional non-exertional angina is relieved by nitroglycerin tablets. Plaintiff's own testimony

supports the ALJ's conclusion that plaintiff's pain is not totally disabling.

■ Finally, plaintiff argues that the grid was improperly applied because the ALJ concluded that plaintiff was *not* capable of performing the full range of sedentary work, and application of the grid assumes the capacity for all sedentary work. While the legal premise of plaintiff's argument carries some appeal, the factual basis is absent here. The ALJ stated in his findings:

7. The claimant's residual functional capacity for the full range of sedentary work is reduced by possible anginal related difficulties but not to a substantial degree.

12. The claimant's capacity for the full range of sedentary work has not been significantly compromised by his additional nonexertional limitations.

Because claimant's capacity for sedentary work was not reduced to a substantial degree, a finding supported by the evidence described above, the use of the grid was appropriate. The fact that a claimant is incapable of one or several of the hundreds of sedentary occupations would not preclude use of the grid. But, if a claimant establishes an incapacity for a significant range of sedentary work, the Secretary would be required to forego use of the grid and proceed with evaluation of the claimant's age, skills, education and other factors in accord with the appropriate regulations.

For the reasons stated, the Secretary's decision was based on substantial evidence and not contrary to law. An appropriate order will be issued.

### ORDER

NOW this 12th day of December, 1986, in accordance with the accompanying Opinion, IT IS HEREBY ORDERED that summary judgment is GRANTED in favor of defendant and against plaintiff, and the decision of the Secretary is AFFIRMED.